NOT DESIGNATED FOR PUBLICATION

Nos. 122,941
122,942

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIFFANY L. O'DELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 23, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., GREEN and BUSER JJ.

PER CURIAM: After pleading guilty to theft on June 21, 2018, the district court sentenced Tiffany L. O'Dell to 9 months in prison but granted her a 12-month term of probation. About six months after sentencing, O'Dell admitted to violating her probation by failing to report and failing to get written permission before leaving the state. The district court imposed a three-day jail sanction and modified and extended the probation. A few months later, on April 16, 2019, O'Dell pled guilty to possession of methamphetamine and theft. She was sentenced to a controlling 18 months in prison with the sentence to run consecutive to any other sentences previously imposed, but the district court then granted O'Dell an 18-month term of probation.

1

Three months later, O'Dell admitted to violating her probation when she failed to report and failed to enter inpatient substance abuse treatment. The district court once again modified her probation and ordered that she remain in the county jail for up to 60 days or until a bed became available at the treatment facility. Two months later, a warrant was issued alleging O'Dell violated her probation when she was unsuccessfully discharged from impatient treatment and failed to notify her probation officer of her change of address. By December 2019, a second warrant was filed against O'Dell. The warrant alleged that O'Dell left the state without permission, was arrested in Pawnee County, Oklahoma, and pled guilty to a new felony—unauthorized use of a vehicle—in that county.

At the probation violation hearing on May 4, 2020, O'Dell admitted to the latest violations, the district court revoked her probation, and ordered her to serve the underlying sentences. The district court found that O'Dell's probation should be revoked under K.S.A. 2019 Supp. 22-3716(c)(7)(A) and (C) because she committed a new felony while on probation and continuing probation would jeopardize her own welfare and public safety. O'Dell appeals.

We accepted this appeal for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State does not contest the motion for summary disposition.

On appeal, O'Dell does not dispute that she violated the terms of her probation. Instead, her sole contention is that the district court erred in revoking her probation and ordering her to serve the underlying sentence. But once a violation has been established, the decision to revoke probation is within the district court's discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Unless the district court's decision results from legal or factual error, we may find an abuse of discretion only when no

2

reasonable person would agree with the decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Upon our review, we find the district court's decision was legally appropriate. Under Kansas law governing probation revocations, the district court was permitted to bypass intermediate sanctions and impose O'Dell's prison sentence because she committed a new crime while on probation. K.S.A. 2020 Supp. 22-3716(c)(7)(C). The statute also permitted the district court to bypass intermediate sanctions because it found "the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2020 Supp. 22-3716(c)(7)(A).

Since we conclude there was no legal or factual error in the district court's revocation of probation, we next consider whether its ruling was unreasonable.

Upon our review of the record on appeal, we find nothing unreasonable about the district court's decision. O'Dell stipulated to numerous probation violations, including the commission of a new felony and multiple failures to report and repeated instances of leaving the state without permission. Under these circumstances, given her poor performance on probation, a reasonable person could agree that imposing the prison sentence was appropriate.

We hold the district court did not abuse its discretion in revoking O'Dell's probation and imposing imprisonment.

Affirmed.